IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

PHILIP AMMONS,

                Appellant,

        v.

SCHROETER GOLDMARK &
BENDER, a Washington corporation;
CARMEN D'ARCANGELO,
individually and as agent; LIDDY
WENDELL, individually and as agent;
ELIZABETH HANLEY, individually
and as agent, DOES 1-4,

                Respondents.

No. 88250-3-I

DIVISION ONE

UNPUBLISHED OPINION

DÍAZ, J. — Philip Ammons sued the law firm Schroeter Goldmark & Bender (SGB) after it rescinded an offer of employment. He now argues the trial court erred by granting SGB's motion to dismiss his claims. We affirm.

## I.    BACKGROUND

In November 2024, Ammons responded to a job posting for a litigation paralegal position with SGB and participated in two interviews. On or around December 12, SGB made a written offer of employment. In relevant part, the letter stated, "Employment at the firm is 'at will' meaning there is no guaranteed duration of employment and either party is free to end the relationship at any time for any cause or for no cause at all." Four days later, SGB notified Ammons that it was rescinding its offer based on information it received during the reference check

process.

Two weeks thereafter, Ammons filed suit, bringing claims for breach of contract, fraud and misrepresentation, wrongful termination, and promissory estoppel. He also served discovery requests on SGB. SGB moved the court to dismiss the action and to stay discovery until ruling on the motion to dismiss.

The court granted the request to stay discovery pending the dismissal decision. After hearing argument on the dispositive motion, it dismissed Ammons' complaint with prejudice. Ammons timely appeals both decisions pro se.

## II.    ANALYSIS

We address the dismissal, under CR 12(b)(6), of each of the four causes of action, before addressing the court's decision to stay discovery.

We review orders granting CR 12(b)(6) motions de novo. Rodriguez v. Loudeye Corp., 144 Wn. App. 709, 717, 189 P.3d 168 (2008). CR 12(b)(6) provides for dismissal if a complaint fails to state a claim upon which relief can be granted. Id. Dismissal is also warranted if the court concludes that a plaintiff cannot prove facts which would justify recovery. Id. While we presume all facts alleged in a complaint are true, courts are not required to accept the complaint's legal conclusions. Id. at 717-18.

First, Ammons claims that the court erred by dismissing his breach of contract claim. Specifically, he avers it was error to rule his employment offer constituted a unilateral contract which could only be accepted by performance— which had not yet occurred, on the facts.

Even assuming without deciding a contract was formed, SGB's offer letter

2

explicitly advised that his employment was "at will" and, thus, SGB was free to end his employment at any time, regardless of cause. In turn, the termination of his employment could not give rise to a claim for breach of contract. See Andrus v. Dep't of Transp., 128 Wn. App. 895, 899, 117 P.3d 1152 (2005) (holding, "even if a contract had been formed, there was no actionable breach because [the applicant] admitted that the [ ] job was an at-will position."); Bakotich v. Swanson, 91 Wn. App. 311, 316, 957 P.2d 275 (1998) (holding that an "at-will employment contract anticipates that the employer may repudiate at any time without ramification."). Thus, this claim was properly dismissed.[1]

Second, Ammons claims that the court erred by dismissing his fraud and misrepresentation claim. Specifically, Ammons claims that "SGB falsely represented, implied and suppressed the material fact that, despite their representations by their overtures and implications to the contrary, Ammons had not in fact been cleared or selected for the position, and their background check was not in fact completed and he was not cleared for hire."

Inter alia, to prevail on such a claim, a plaintiff must prove the defendant "made a material misrepresentation of *existing* fact*.*" Baker Boyer Nat'l Bank v.

---

[1] In a separate section of his opening brief, Ammons claims that "[t]here is a plethora of well-settled Washington cases that carve out significant exceptions to the at-will doctrine." In an accompanying footnote, he cites to three cases creating such exceptions, but nowhere explains how his arguendo discharge is prohibited under, for example, the "Civil Rights Act of 1964, 42 U.S.C. § 2000e–2(a)(1), . . . RCW 49.60.030 and .180 [disability protections], RCW 49.12.130 (industrial welfare), RCW 49.17.160 (industrial safety and health act), RCW 49.46.100 (minimum wage act), RCW 49.44.090 (violations—prohibited practices)." Thompson v. St. Regis Paper Company, 102 Wn.2d 219, 226, 685 P.2d 1081 (1984). We decline to make his argument for him.

Foust, 6 Wn. App. 2d 375, 381, 436 P.3d 382 (2018) (emphasis added); see also Havens v. C&D Plastics, Inc., 124 Wn.2d 158, 182, 876 P.2d 435 (1994) (holding that a "false representation as to *a presently existing fact* [is] a prerequisite to a misrepresentation claim.") (emphasis added).

Here, Ammons nowhere alleges that SGB stated that his background check had been, in his words, "cleared." Rather, his complaint merely advanced an unsupported assumption that certain encouraging or congratulatory statements made at the time of the initial offer "implied and suppressed" the false material fact that his background check was complete, simply because the firm later withdrew its offer. See Clerk's Papers (CP) at 7. ("This representation was proven false by their rescission.").

Yet, in the exhibits Ammons attached to his complaint, SGB notified him that the rescission was based on information it learned upon discovering *additional* information. His complaint failed to allege that, notwithstanding that explanation, its employees knew the background check was not complete, let alone that the firm was going to withdraw its offer. Ammons makes no claim of existing fact to sustain this cause of action.

Third, Ammons argues the court erred by dismissing his claim for wrongful discharge in violation of public policy. Again, even assuming without deciding that he had begun employment and was discharged,[2] his complaint did not allege that he had engaged in any public-policy-related conduct which motivated the

---

[2] See Korslund v. Dyncorp Tri-Cities Servs., Inc., 121 Wn. App. 295, 313, 88 P.3d 966 (2004) (explaining that a claim for wrongful discharge in violation of public policy "applies only when an employee has been discharged[.]").

rescission. The tort only applies to the discharge of an employee for engaging in protected, public-policy-related conduct. See Rickman v. Premera Blue Cross, 184 Wn.2d 300, 314, 358 P.3d 1153 (2015) (requiring proof that an employee's "actions in furtherance of public policy" were a "cause of [a] firing[.]") (quoting Wilmont v. Kaiser Alum. & Chem. Corp., 118 Wn.2d 46, 70, 821 P.2d 18 (1981)). Thus, this claim fails.

Fourth, Ammons asserts that the court erred by dismissing his cause of action alleging promissory estoppel. However, as with the first count for breach of contract, Ammons could not prevail on this claim in light of the aforementioned precedent holding that an at-will contract may be repudiated "without ramification." Bakotich, 91 Wn. App. at 316. Relatedly, in order to make out a claim for relief under an estoppel theory, a plaintiff must show they reasonably relied on a clear and definite promise of permanent employment which was only subject to dismissal for just cause. See Havens, 124 Wn.2d at 174 (holding, "there is no clear and definite promise of permanent employment subject only to dismissal for just cause."). But, here, there is no allegation that he received a clear and definite promise of permanent employment.

In summary, we hold that the trial court did not err by dismissing Ammons' suit under CR 12(b)(6) because he fails to state a claim upon which relief can be granted. Rodriguez, 144 Wn. App. at 717.[3]

_____

[3] Ammons also avers that the court erred by not holding the individually named defendants in his complaint personally liable. As his substantive claims fail against the law firm, any similar claims against individuals would also fail for the same reasons.

Finally, Ammons also argues that the court erred by staying discovery pending its ruling on SGB's CR 12(b)(6) motion. We review a trial court's stay of discovery for abuse of discretion. Long v. Snoqualmie Gaming Comm'n, 7 Wn. App. 2d 672, 690, 435 P.3d 339 (2019). We have specifically held that a court has "the discretion to stay discovery until after [a] CR 12(b)(6) hearing." Quinn Const. Co., LLC. v. King County Fire Prot. Dist. No. 26, 111 Wn. App. 19, 33, 44 P.3d 865 (2002). Ammons fails to explain how the court abused its discretion by staying discovery here. He largely cites only non-binding or otherwise inapposite precedent, which generally explains the importance of discovery. While that may be true, we conclude that he does not carry his burden to show how the court abused its discretion to stay discovery pending the resolution of SGB's CR 12(b)(6) motion. Quinn, 111 Wn. App. at 33.[4]

III. CONCLUSION

We affirm.

WE CONCUR:

Díaz, J.

Feldman, J.

Coburn, J.

---

[4] Ammons also argues that SGB's "motion for protective order was untimely and should have been stricken on procedural grounds." We do not reach this argument as he did not make it before the trial court, where he directed the court's attention to the timeliness of the motion to dismiss, which is subject to a different remedy, namely, default. Sourakli v. Kyriakos, Inc., 144 Wn. App. 501, 509, 182 P.3d 985 (2008) (holding that an argument neither pleaded nor argued to the trial court cannot be raised for the first time on appeal); In re Marriage of Olson, 69 Wn. App. 621, 626, 850 P.2d 527 (1993) (noting we do not "grant special favors to . . . a pro se litigant[.]")